STATE OF CONNECTICUT *v.* FRANK W. AUDET

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 14-40852

Argued December 14, 1964—decided April 1, 1965

*Charles C. Draghi,* of Hartford, for the appellant (defendant).

*Allen W. Smith,* assistant prosecuting attorney, for the appellee (state).

PER CURIAM. The defendant was convicted of the crime of pool selling, in violation of § 53-295 of the General Statutes, in a trial to the jury and has appealed, assigning as error the jury's conclusion of guilt beyond a reasonable doubt upon all the evidence. In his brief, the defendant sets up two additional issues which were not included in the assignment of errors, that the conclusion of guilt was "contrary to the evidence and also contrary to the law," and that the court erred in denying his motion to set aside the verdict. Errors not set forth in the assignment of errors will not be considered. Practice Book §§ 652, 1023; Maltbie, Conn. App. Proc. § 167. However, since all the claimed

errors are incorporated in the general assignment of error of guilt beyond a reasonable doubt and require a review of the evidence by this court, in effect these added assignments of error will receive consideration under the original assignment.

The jury could reasonably have found from the evidence the following facts. On October 1, 1964, at about 12:10 p.m., the defendant was seated at a counter in a pharmacy on Capitol Avenue in the city of Hartford. He was reading an unmarked Armstrong Daily, a form of newspaper which contains all types of racing information, including horse races to be run at racetracks that day and the results of horse races for the previous day. The store owner was behind the counter holding money in his hand when the police officer entered the store. The defendant folded the Armstrong Daily, whereupon the officer took it from him and asked him for an identification card. The defendant took out his pocketbook, and the officer took it from him and extracted from it another Armstrong Daily bearing the previous day's date, a newspaper clipping recommending, in code, horses to be played, a card containing the names of two horses, and another scrap of paper with names of horses and penciled figures appearing after the names. There was expert testimony by a police lieutenant that the scrap of paper contained five bets in the amount of $10 on horse races and that the defendant was involved in pool selling.

Section 53-295 enumerates various acts by which it may be violated. Pool selling generally is concerned with the combination of bets or wagers from several persons on the same event, the total sum to be divided among the successful bettors, subject ordinarily to a deduction of a commission by the seller of the pool. *State* v. *Fico,* 147 Conn. 426, 428.

The defendant was charged with pool selling, and § 53-295 makes it an offense for any person to be "concerned in buying or selling" any pool upon the results of any contest or game. "A person is concerned in a certain matter when he has some connection with it, when it affects his interests or involves him." *State* v. *Fico,* supra, 431. The copies of the Armstrong Daily, the newspaper clipping, and the scraps of paper on the person of the defendant could have no function or purpose except for gambling. The jury were warranted in concluding upon all the evidence before them that the defendant was guilty beyond a reasonable doubt of a violation of § 53-295.

There is no error.

PRUYN, KINMONTH and LEVINE, Js., participated in this decision.